IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STACEY E. RILEY, | ) |
| Plaintiff, | ) No. C 07-04091 TEH (PR) |
| vs. | ) ORDER OF DISMISSAL PURSUANT TO 28 U.S.C. § 1915(g) |
| OFFICER BRANDON SMITH, et al, | ) |
| Defendants. | ) (Docket No. 7) |

  Plaintiff, a state prisoner currently incarcerated at San Quentin State Prison and a frequent litigant in the federal courts, has filed a pro se complaint under 42 U.S.C. § 1983 complaining about allegedly unconstitutional actions of police officers from Berkeley, California in pursuing rape charges against Plaintiff. Plaintiff did not pay the filing fee and seeks to proceed in forma pauperis under 28 U.S.C. § 1915. Because Plaintiff had at least three prior prisoner actions which were dismissed on the grounds that the claims were frivolous, malicious, or failed to state a claim upon which relief may be granted and because Plaintiff did not allege imminent danger of serious physical injury at the time he failed his complaint, the Court ordered Plaintiff to show cause why this action should not be dismissed pursuant to § 1915(g) or alternatively, to pay the full filing fee to avoid dismissal. Plaintiff filed an answer, desiring to proceed in forma pauperis.

  The Prison Litigation Reform Act of 1995 ("PLRA") was enacted, and became effective, on April 26, 1996. It provides that a prisoner may not bring a

civil action in forma pauperis under 28 U.S.C. § 1915 "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).  Section 1915(g) requires that this Court consider prisoner actions dismissed before, as well as after, the statute's 1996 enactment.  Tierney v. Kupers, 128 F.3d 1310, 1311-12 (9th Cir. 1997).

Here, Plaintiff has had three such cases dismissed by a federal court on the grounds that they were frivolous, malicious, or failed to state a claim upon which relief may be granted: (1) Riley v. Warnok, Case No. 2:95 -cv-00830-WBS-JFM (E.D. Cal. Apr. 9, 1996) (order of dismissal for failure to state a claim); (2) Riley v. Smith, Case No. 3:03-cv-02098-TEH (N.D. Cal. Oct. 15, 2003) (order of dismissal for failure to state a claim); and (3) Riley v. Smith, Case No. 3:07-cv-01181-TEH (N. D. Cal. Mar. 7, 2007) (order of dismissal for failure to state a claim)[1].  See Andrews, 398 F.3d at 1120 (sometimes the docket records may be sufficient, and sometime the actual court files may need to be consulted).

In his answer, Plaintiff merely restates the substance of his claims in the cases listed above, asserting that "all had merit and were valid complaints." (Docket No. 14 at 1.)  Plaintiff has failed to show that any of his three prior prisoner actions that were dismissed do not qualify as strikes under § 1915(g).

Because Plaintiff has had three prior dismissals and was not under

---

[1] The Court further notes that Plaintiff has additional cases that were dismissed by the United States District Court for the Eastern District of California for undetermined reasons, including: Riley v. Baskerville, Case No. 2:95-cv-1357 (E.D. Cal. Feb. 20, 1996), and Riley v. Solano State Prison, Case No. 2:96-cv-01664-LKK-DAD (E.D. Cal. Sept. 23, 1997).

1 | imminent danger of serious physical injury at the time he filed the instant
2 | complaint, his request to proceed in forma pauperis (Docket No. 7) is DENIED,
3 | and the instant action is DISMISSED without prejudice to bringing it in a paid
4 | complaint.
5 |     The clerk shall enter judgment in accordance with this order and close the
6 | file.

SO ORDERED.

DATED:  04/07/08

                THELTON E. HENDERSON
                United States District Judge